GEORGE H. STANTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62100.   Promulgated June 15, 1937.

*George H. Stanton* pro se.
*Philip A. Bayer, Esq.*, for the respondent.

114

**OPINION.**

MURDOCK: The petitioner, when he acquired controlling interests in the two banks, entered into the transactions for profit. The stock in the two banks became worthless prior to the taxable year 1929. The Commissioner does not dispute either of these points. He contends that the transfer by the petitioner of his property in trust in 1924 represented payment by him of legal obligations which he had as a stockholder and officer of the banks, increased the cost of his worthless bank stock, and represented a loss sustained by him

at that time. If the petitioner had made an absolute and complete transfer of his property in 1924 the Commissioner's theory of this case would be correct. But the petitioner did not make an absolute and complete transfer of his property at that time. Instead he placed it in trust that he might be permitted to liquidate the assets of the two banks as best he could and that the depositors and creditors of the bank might be protected in case he should be unable to liquidate the assets of the banks for an amount sufficient to pay their claims. The trustees had no power to use the property to pay claims without his consent for the first five years. Had he been able to liquidate the assets of the banks for an amount sufficient to pay the claims in full, then his property would have been returned to him and he would have had no loss whatsoever. Likewise if some part of his property had not been needed to pay the claims it would have been returned to him. His loss was not sustained and could not have been computed prior to 1929.

The property in question was used by the trustees with his consent in 1929, prior to the end of the five-year period. Its use then was a continuation of the transactions originally entered into for profit when the petitioner acquired the stock of the two banks. Such use in 1929 was the equivalent of the payment by the petitioner of additional amounts as cost of his bank stock. The bank stock was already worthless. These additional payments were lost as soon as they were made. The Commissioner does not question that they were made because of the petitioner's legal liability as a stockholder. Thus the petitioner had additional losses on his bank stock in 1929, when for the first time his property was absolutely committed to and actually used in the discharge of his legal obligation.

The only remaining question is, How should his loss be computed? Since the property was sold in 1929 and the proceeds used in the same year, the answer to this question is simple. The amount which he is entitled to deduct in 1929 is his basis for gain or loss upon the properties disposed of. If any of the properties were sold for more than their bases to the petitioner, he would have to report that gain before he could claim a loss in excess of basis. Likewise, if any properties were sold for less than their bases to the petitioner he would be entitled, in one way or another, to deduct a loss in 1929 equal to the exact amount of the bases which the properties had in his hands. The return filed showed no tax due. Since his basis for gain or loss on these properties far exceeded the net income as determined by the Commissioner, it follows that there is no deficiency.

*Decision will be entered for the petitioner.*